JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
F I L E D

JUN 29 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE THE DEPARTMENT OF ENERGY STRIPPER ) DOCKET NO. 378
WELL EXEMPTION LITIGATION )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON,
STANLEY A. WEIGEL,* ANDREW A. CAFFREY,* ROY W. HARPER,
AND CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of nineteen actions pending in four districts as follows:

| District | Actions |
|---|---|
| District of Kansas | 11 actions |
| Northern District of Texas | 6 actions |
| Central District of California | 1 action |
| District of Delaware | 1 action |

The same United States Department of Energy (DOE) regulation is challenged in each action in this docket.

In a number of different statutory enactments, Congress has exempted from price controls the first sales of domestic crude oil produced and sold from a property whose maximum average daily production of crude oil per well does not exceed ten barrels. A well whose output does not exceed ten barrels per day is a "stripper" well, and the price control exemption is colloquially referred to as the "stripper well exemption." In December, 1974, the general counsel of the Federal

---

*Judges Weigel and Caffrey took no part in the decision of this matter.

Energy Administration (a predecessor of DOE) issued Ruling 1974-29 which held that certain wells denominated "injection wells"[1] were not wells for the purposes of determining whether the average daily production of a property was ten barrels or less per well. Each action in this docket is brought against DOE, the Federal Energy Administration and/or their officials by crude oil producers that own marginally producing properties which would qualify under the stripper well exemption from price controls if injection wells were counted as oil wells.

The first three actions in this litigation were filed in the District of Kansas and assigned to the Honorable Frank G. Theis. Plaintiffs in these actions sought, inter alia, 1) a declaratory judgment to the effect that Ruling 1974-29 was invalid because the Ruling was in contravention of federal energy laws, had been adopted without compliance with the Administrative Procedure Act (APA), and/or was adopted in a manner so arbitrary and capricious as to deny plaintiffs due process of law; and 2) injunctive relief enjoining the enforcement of Ruling 1974-29 pending the court's

---

[1] An injection well is a well through which water, natural gas or other material is injected into the ground, thereby creating pressure in the geological formation that forces crude oil out from another well.

determination of the Ruling's validity. On January 26, 1978, Judge Theis held that Ruling 1974-29 was procedurally invalid because of the failure of the Federal Energy Administration to comply with the notice and hearing requirements of the APA, and he enjoined the defendants from enforcement of Ruling 1974-29 against the plaintiffs. On October 31, 1978, the Temporary Emergency Court of Appeals reversed Judge Theis's ruling. The appellate court held that Ruling 1974-29 was an "interpretative", rather than "legislative", rule, and was therefore exempt from the notice and comment rule-making requirements of the APA. The actions were remanded to Judge Theis for a determination of whether the Ruling was invalid on one of the other grounds advanced by plaintiffs. <u>Energy Reserves Group, Inc. v. Department of Energy</u>, 589 F. 2d. 1082 (T.E.C.A. 1978).

The eight other Kansas actions were filed subsequent to Judge Theis's January, 1978 decision and were apparently instituted as a result of the DOE's decision to continue to apply Ruling 1974-29, pending the outcome of DOE's appeal of Judge Theis's decision, to properties of producers not party to the three earlier filed Kansas actions. In these eight other actions plaintiffs also seek a declaration of the Ruling's invalidity and an injunction against the DOE's enforcement of the Ruling against them. Ten of the eleven Kansas actions are

now consolidated before Judge Theis. The eleventh Kansas action (<u>Cities Service</u>) was reassigned to the Honorable Wesley E. Brown after Judge Theis recused himself from presiding in the action. Judge Brown has granted plaintiffs' motion for a preliminary injunction against DOE and has stayed all further proceedings in that action until a final decision is reached in the actions before Judge Theis.

The actions in Texas, Delaware, and California were filed after Judge Theis's January, 1978 decision, and plaintiffs there too seek, <u>inter alia</u>, a declaration of Ruling 1974-29's invalidity and injunctive relief against the DOE's continued application of the Ruling. The Texas actions have been consolidated for pretrial purposes.

Presently before the Panel is a motion by Union Oil Company of California (Union), plaintiff in the California action, to centralize pursuant to 28 U.S.C. §1407 the actions in this docket in the District of Kansas for coordinated or consolidated pretrial proceedings.[2]

---

[2] Union's motion was somewhat ambiguous concerning whether it included the Delaware and Texas actions. Union's motion referred specifically only to transfer of the California action to the District of Kansas, but the Delaware and Texas actions were listed on Union's Schedule of Actions, and the counsel in those actions were served by Union. In light of these circumstances, the Delaware and Texas actions were included in the Panel's Notice of Hearing. Thus, in any event, the Delaware and Texas actions are properly before us under the authority granted the Panel pursuant to 28 U.S.C. §1407 (c)(i) to act on its own initiative. We note that the parties, both in their briefs and at oral argument, addressed the question of centralizing under Section 1407 all the actions listed on the Notice of Hearing.

DOE supports centralization.[3/] Plaintiffs in the Delaware action and plaintiffs in five of the six Texas actions do not oppose transfer of the California action to the District of Kansas, but they do oppose inclusion of their respective actions in centralized proceedings. Plaintiffs in the Kansas actions do not oppose centralization under Section 1407.

We find that the nineteen actions in this litigation raise common questions of fact and that centralization under Section 1407 of all actions in the District of Kansas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Opponents to centralization of some of the actions argue that the predominating shared questions among actions in this docket are questions of law rather than fact, and that therefore the statutory criteria for Section 1407 transfer have not been met. Opponents urge that voluntary cooperation among the parties, counsel and courts regarding any common issues or discovery

---

3/ DOE has informed the Panel of ten other actions, filed in the District of Delaware, the Eastern District of Illinois, the District of Kansas, the Eastern District of Michigan, the Eastern District of Oklahoma, the Northern District of Oklahoma, the Northern District of Texas, or the Southern District of Texas, that allegedly also challenge the validity of Ruling 1974-29. These ten actions will be treated as potential tag-along actions. See Rules 10(d), 1, 9 and the remaining portions of 10, R.P.J.P.M.L., 78 F.R.D. 561, 562, 567-68 (1978).

is a preferable alternative to transfer because the Kansas actions and, to a lesser extent, the Texas actions are far advanced and would be subjected to lengthy delays in the event of transfer, while receiving no substantial benefits. Opponents in some of the Texas actions also argue that transfer of their actions is inappropriate because of the presence of unique issues in those actions.

We find these arguments unpersuasive. All actions in this litigation share questions of fact and law arising under a complicated series of statutes and regulations relating to the highly technical engineering and geological problems that attend secondary recovery of oil that is nearing a state of depletion. Specific common questions of fact relate to: 1) **the role played** by injection wells in the secondary recovery process; 2) the importance of secondary recovery production in general, and the effect of Ruling 1974-29 on the premature abandonment of marginal wells and the concomitant loss of known recoverable reserves; and 3) the knowledge of the various federal officials who drafted Ruling 1974-29 regarding the state of the art in the industry, and how those officials allegedly acted arbitrarily and capriciously. Transfer is thus necessary in order to prevent duplicative discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the efforts of the parties, the witnesses

and the judiciary. While voluntary coordination of discovery efforts among parties and their counsel is always commendable, transfer of these actions to a single district under Section 1407 will ensure the streamlining of discovery and all other pretrial proceedings as well. See In re Ascot Oils, Inc. Securities Litigation, 433 F.Supp. 1118, 1120 (J.P.M.L. 1977). Any pretrial proceedings regarding any issues unique to any action, claim or party may be scheduled by the transferee court to proceed concurrently with pretrial proceedings on the common issues, and thereby all aspects of the litigation can proceed expeditiously. See In re Capital Underwriters, Inc. Securities Litigation, 464 F.Supp. 955, 960 (J.P.M.L. 1979).

On the basis of the record before us, no action in this litigation appears sufficiently advanced to warrant its exclusion from transfer. While all actions may not be at the same stage of pretrial, we conclude that all actions in this litigation will benefit from transfer under Section 1407. We note that if and when an action or claim is, in fact, ready for trial, or otherwise ready for remand because the transferee judge finds that the centralized pretrial proceedings pertaining to that action or claim are completed, the transferee judge may suggest to the Panel that the Panel remand the action or claim to its transferor district. See 28 U.S.C. §1407(a); Rule 11(c)(ii), R.P.J.P.M.L., 78

F.R.D. 561, 569 (1978). See, e.g., In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation, 453 F.Supp. 108 (J.P.M.L. 1978). And, of course, the transferee judge has power to provide that any discovery heretofore completed in any action may be made applicable to all actions by utilizing the procedures recommended in the Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

The concern raised by opponents to transfer over the impact that participation in Section 1407 proceedings will have on the conduct of the actions to which they are parties is unwarranted. The transferee judge also has the power to provide that plaintiffs in the actions in this docket need not participate in discovery or other pretrial proceedings unrelated to their respective actions. See id. at Parts I and II, §§2.31. And we are confident that prudent counsel in all actions can apportion their workload and otherwise combine forces to minimize inconveniences and to effectuate an overall savings of cost and time. See id. at Part I, §§1.90-1.93.

We conclude that the District of Kansas is the appropriate transferee forum for this litigation. The majority of the actions are already pending there. More importantly, Judge Theis has had an opportunity

to become familiar with the legal and technical questions in this litigation, and is therefore in the best position to supervise the pretrial proceedings in this litigation to their just and expeditious termination. See In re Griseofulvin Antitrust Litigation, 395 F.Supp. 1402, 1403 (J.P.M.L. 1975). Since this litigation is nationwide, the geographically central location of the District of Kansas also commends its selection as the transferee district. See In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation, 406 F.Supp. 540, 543 (J.P.M.L. 1977).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the District of Kansas be, and the same hereby are, transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Frank G. Theis for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.[4]

---

[4] Our ruling, of course, does not upset the assignment of the Cities Service action to Judge Brown.


Schedule A

MDL-378 -- In re The Department of Energy Stripper Well Exemption Litigation

Central District of California
Union Oil Company of California v. The Department of Energy, et al., C.A. No. 78-1487-HP
District of Delaware
Coastal States Gas Corp., et al. v. The Department of Energy, et al., C.A. No. 78-133
Northern District of Texas
Exxon Corp. v. The Department of Energy, et al., C.A. No. CA3-78-0244-W
Continental Oil Co. v. The Department of Energy, et al., C.A. No. CA3-78-0321-W
Hunt Oil Co. v. The Department of Energy, et al., C.A. No. CA3-78-0325-W
Prosper Energy Corp. v. The Department of Energy, et al., C.A. No. CA3-78-0651-W
Roy L. Hunt, etc. v. The Department of Energy, et al., C.A. No. CA3-78-1487-W
Crystal Oil Company, et al. v. The Department of Energy, et al., C.A. No. CA3-79-0059-W
District of Kansas
Braden-Zenith, Inc., et al. v. The Federal Energy Admin., et al., C.A. No. 76-429-C6
Sierra Petroleum Co., et al. v. The Federal Energy Admin., et al., C.A. No. 77-1087
Energy Reserves Group, Inc., et al. v. The Federal Energy Admin, et al., C.A. No. 77-1146
Mobil Oil Corp., et al. v. The Department of Energy, et al., C.A. No. 78-1070
Robert Johnson and Phillips Petroleum Corp. v. The Department of Energy, et al., C.A. No. 78-1140
Cities Service Co. and L. B. McCune v. The Department of Energy, et al., C.A. No. 78-1145
Stelbar Oil Corp. and Standard Oil Co., Inc., et al. v. The Department of Energy, et al., C.A. No. 78-1176
Robert Dale Brandenburg and Texaco, Inc. v. The Department of Energy, et al., C.A. No. 78-1230
George W. Waite and Amoco Production Co. v. The Department of Energy, et al., C.A. No. 78-1357
Otis Peavey, et al. and Sun Oil of Delaware v. The Department of Energy, et al., C.A. No. 78-1410
Howard Stout, et al. and Gulf Oil Corp. v. The Department of Energy, et al., C.A. No. 78-1513